J-S07025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER SAWYER | : | |
| | : | |
| Appellant | : | No. 1218 MDA 2023 |

Appeal from the PCRA Order Entered July 31, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004317-2013

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: MAY 6, 2024**

Walter Sawyer appeals from the order denying, as untimely, his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the pertinent facts as follows:

> [Sawyer] was accused of kidnapping a 16-year-old girl from the Harrisburg train/bus station. She went willingly to his car because they were going to get food, but then he drove her under the State Street Bridge and refused to take her back to the station unless she had sex with him. The police stumbled across them before any sexual contact. The girl's pants were unbuttoned when they found them.

PCRA Court Opinion, 5/9/23, at 3.

---

[*] Retired Senior Judge assigned to the Superior Court.

In a prior appeal, this Court summarized the prolonged procedural history:

On April 22, 2014, a jury convicted [Sawyer] of kidnapping, unlawful contact with a minor, and providing false information to law enforcement officers. On the same day, the trial court sentenced [Sawyer] to twenty-five to fifty years' imprisonment on the kidnapping charge, a concurrent term of five to ten years' imprisonment on the unlawful contact charge, and a concurrent term of one to two years' imprisonment on the false identification charge. The kidnapping sentence was imposed pursuant to the "three strikes" provision of 42 Pa.C.S.A. § 9714(a)(2).

On May 2, 2014, [Sawyer] filed timely post-sentence motions. On June 16, 2014, the trial court granted the motions in part, issuing an amended sentencing order which reduced [Sawyer's] sentence on the false identification charge to a term of six to twelve months' imprisonment. In all other respects, the trial court denied [Sawyer's] post-sentence motions.

On June 24, 2014, [Sawyer] filed a *pro se* amendment to his counseled post-sentence motions, arguing that he only had one prior offense that qualified as a "strike" for sentencing purposes. On August 6, 2014, the trial court granted [Sawyer's] post-sentence motion in part, determining that [Sawyer] had not committed two prior claims of violence to support the imposition of a "third strike" sentence under 42 Pa.C.S.A. § 9714(a)(2). In its order, the trial court indicated that it would resentence [Sawyer] on the kidnapping count to 120-240 months' imprisonment for a "second strike" conviction pursuant to 42 Pa.C.S.A. § 9714(a)(1).

On April 22, 2015, this Court upheld [Sawyer's] convictions but vacated his sentence and remanded for resentencing as the trial court's sentencing order listed his sentence on the kidnapping charge as 120-140 months' imprisonment. This Court found that the sentence was illegal because the maximum sentence did not equal twice the minimum sentence in violation of 42 Pa.C.S.A. § 9714(a.1).

On remand, the trial court resentenced [Sawyer] to 120 to 240 months' imprisonment. On July 19, 2016, this Court affirmed the judgment of sentence, and on December 28, 2016, the Supreme Court denied [Sawyer's] petition for allowance of appeal.

On January 25, 2017, [Sawyer] filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed a supplemental PCRA petition on April 18, 2017. After an evidentiary hearing, the PCRA court denied the petition on February 16, 2018, and this Court affirmed the PCRA court's order on October 16, 2018.

On May 19, 2019, [Sawyer] filed a second PCRA petition. On December 30, 2019, the PCRA court filed notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On January 21, 2020, the PCRA court dismissed the petition and on November 6, 2020, this Court affirmed the PCRA court's order.

On January 5, 2021, [Sawyer] filed a [third] PCRA petition as well as a "Petition for Extraordinary Relief Illegal Sentence," both of which included a claim that [Sawyer] should not have been sentenced under Section 9714 as he had no prior offenses that qualified as a "strike." The PCRA court appointed counsel, who filed a supplemental petition April 15, 2021.

On July 19, 2021, the PCRA court filed an order and opinion notifying [Sawyer] of its intent to dismiss the petition pursuant to Rule 907, finding the [] petition was untimely filed. On August 23, 2021, the PCRA court entered a final order dismissing the petition.

*Commonwealth v. Sawyer*, 279 A.3d 1264 (Pa. Super. 2022) (non-precedential decision at 1-3).

Sawyer appealed. On May 19, 2022, we agreed with the PCRA court's conclusion that Sawyer's serial petition was untimely and that he failed to establish a time-bar exception. *Id.* We therefore affirmed the PCRA court's order denying Sawyer post-conviction relief. *Id.*

On April 21, 2023, Sawyer filed the *pro se* PCRA petition at issue here, which the PCRA court characterized as his fifth.[1] On May 9, 2023, the PCRA court issued a Rule 907 notice of its intent to dismiss Sawyer's fifth PCRA petition without a hearing. Sawyer filed a response. By order entered July 31, 2023, the PCRA court dismissed the petition. This timely appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Sawyer raises the following issue on appeal:

> I – Did the PCRA court err when it failed to hold an evidentiary hearing and grant PCRA relief after [Sawyer] presented evidence that the Commonwealth withheld exculpatory evidence that supported the fact the [Sawyer] was never charged with the crimes for which he was convicted proving that the trial court never had jurisdiction to try the case and compounding the bias shown by [the PCRA court]?

Sawyer's Brief at 6 (unnumbered) (emphasis and excess capitalization omitted).

Before addressing this issue, however, we first consider whether the PCRA court correctly concluded that Sawyer's fifth petition was untimely filed. The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed

---

[1] Sawyer filed a third *pro se* PCRA petition on July 16, 2020, which the PCRA court dismissed as premature because Sawyer's appeal from the denial of his second PCRA was still pending before this Court. **See** Rule 907 Notice, 5/9/23, at 2.

within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Sawyer's judgment of sentence became final on March 28, 2017, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for filing a writ of *certiorari* to the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Sawyer had until March 28, 2018, to file a timely petition. Because Sawyer filed the petition at issue in 2023, it is patently untimely unless he has satisfied

his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Sawyer has failed to plead and prove any exception to the PCRA's time bar. In his petition, Sawyer asserted that he could establish the newly-discovered fact exception to the PCRA's time bar based upon a printout of his arrest record that he only recently received. Pa.C.S.A. § 9545(b)(1)(ii). This Court has explained this exception as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

The PCRA court found that Sawyer could not establish this exception because, he had known about this claim for years and he raised it multiple times before. The court explained:

Since [Sawyer] is invoking the second exception to the PCRA timeliness requirement, [the PCRA court] assumes, because [Sawyer] does not explicitly state, that he is arguing he was not previously aware that, he, allegedly, was never actually charged with the crimes for which he was convicted. However, [on] page 7 of his *pro se* PCRA petition, [Sawyer] states,

"[Sawyer] has stated multiple times, not only in open court in front of the [trial court], but through pleadings [Sawyer] has filed with the [trial court]. [Sawyer] spoke to [the trial court] in open court on February 18, 2014, and March 24, 2014, stating that he had never been charged with anything other than escape and that there was never a presentment of charges for which he was allegedly in court for."

[Sawyer's] PCRA Petition, p. 7.

By [Sawyer's] own admission, this information, or his belief, has been known to [him] since 2014. As such, [Sawyer] is unable to meet the requirement of 42 Pa.C.S.A. § 9545(b)(2) that states the claim must be filed within one (1) year of the date the claim could have been presented.

PCRA Court Opinion, 5/9/23, at 5. Our review of the record supports the PCRA court's conclusion. Moreover, the fact that Sawyer knew of his claim years before he filed this serial petition refutes any claim of due diligence in claiming a "newly-discovered" fact. **Brown**, **supra**.

Sawyer's arguments to the contrary are unavailing. As to the timeliness of his petition, Sawyer asserts:

The PCRA court issued notice of intent to dismiss stating that [his] instant PCRA petition could not be entertained due to the fact that it was untimely and that [he] could not meet any one of the 3 exceptions to the "time-bar." It is [Sawyer's] respectful

- 7 -

contention that, how could he be untimely when there is finally proof to the claim that he had never been charged with a crime to begin with? [Sawyer] introduced to the PCRA court evidence from the [office of the Magisterial District Judge ("MDJ")] stating that he had never been charged with anything in 2013 except escape. This fact goes completely contrary to the fact that [the PCRA court] wrote about in [its] 1925(a) opinion stating that [Sawyer] had been charged and presented with all of his rights. There is no record in the [MDJ's] office of [Sawyer] having ever been charged with [the crimes for] which he was convicted of and a fraud was perpetrated upon the court that [the PCRA court] went along with. [Sawyer] asks, where do his rights begin to enter into the equation?

[Sawyer] respectfully contends that he met the governmental interference exception to the PCRA's time-bar in that every time [he] brought this issue up of his never having been charged he was told to talk to his attorney, which all pleas fell on deaf ears. Further, [Sawyer] could not have obtained the information earlier with the exercise of due diligence as it was the perfect storm, by [Sawyer's] elderly mother showing up in the same [MDJ's] office where [Sawyer] was alleged to have been charged. On this same day a young woman who worked in the [MDJ's] office after hearing of the tragic events of [Sawyer] never having been charged looked into the matter and printed off the docket transcript showing that nothing but escape charges had been brought in contravention of the 1925(a) opinion that [the PCRA court] wrote. Therefore, [Sawyer] meets said exception.

Sawyer's Brief at 11-12 (excess capitalization omitted). We cannot agree.

We first note that, to the extent Sawyer relies on the governmental interference exception, the claim is waived because Sawyer did not raise it in his 2023 PCRA petition. **Burton**, **supra**. Moreover, this claim also requires due diligence. **See generally**, **Commonwealth v. Williams**, 105 A.3d 1234 (Pa. Super. 2014). Although Sawyer describes the "perfect storm" which led to his receipt of a printout of his arrest record, he fails to explain why he

waited so long to request this record given he had knowledge of this claim as far back as 2014.

In sum, the PCRA court correctly concluded that Sawyer's 2023 petition was patently untimely and that he did not plead and prove a time-bar exception. Thus, this Court, like the PCRA court, lacks jurisdiction to consider Sawyer's 2023 petition.[2] **Derrickson**, **supra**. We therefore affirm the PCRA court's order denying Sawyer post-conviction relief.

_____

[2] Even if we addressed the merits of Sawyer's claim he would not be entitled to relief. Sawyer's alleged proof that he was never arrested on the charges for which he was convicted is refuted by the certified record. The record includes a copy of the criminal complaint filed against him at the MDJ's office on May 9, 2013. On direct appeal, when addressing Sawyer's claims of "alleged due process violations, [and] alleged defects in pretrial proceedings," we adopted the "well-reasoned opinion" of the trial court. **Sawyer, supra** (non-precedential decision at 7). The trial court explained why Sawyer did not have an arrest warrant for these crimes:

> [Sawyer] was arrested on December 12, 2012, and charged with Escape. He was not charged with the [kidnapping and related] crime until May 9, 2013. At that time Sergeant Smith requested a warrant for [Sawyer's] arrest. [Sawyer] had been transported to SCI-Retreat to serve his sentence on the Escape charge. The [MDJ] issued notice of the charges to [Sawyer] via summons and set a bail hearing and preliminary hearing date of June 26, 2013. Upon filing of the charges, the issuing authority should have issued the Commonwealth's requested warrant of arrest; however, [Sawyer] was provided with notice of the June hearing and at that hearing he was provided with all the procedural rights he would have been afforded at a preliminary arraignment. That is, he was given a copy of the criminal complaint requesting a warrant for his arrest, notice of his right to secure counsel, notice of his right to waive the presence of counsel, notice of his right to a preliminary hearing and his right to have bail set. [Sawyer's] substantive rights were maintained

*(Footnote Continued Next Page)*

Order affirmed.
Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/6/2024

---

and [Sawyer] failed to raise any procedural issues prior to his preliminary hearing.

As the Commonwealth notes, [Sawyer] fails to raise any prejudice he suffered as a result of the procedural history of the case. He was never unlawfully detained nor deprived of any rights.

Trial Court Opinion, 8/16/14, at 9.